IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02328-BNB

STEVEN MICHAEL TULLER,

    Plaintiff,

v.

BILL RITTER, JR.,
ARISTEDES ZAVARAS,
ALLEN STANLEY,
LARRY REID,
JOHN STONER, and
MS. ATWOOD,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN - 4 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Steven Michael Tuller is a prisoner in the custody of the Colorado Department of Corrections who was incarcerated at the Colorado State Penitentiary in Cañon City when he initiated the instant action by submitting *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. He has since informed the Court that he has been transferred to the Centennial Correctional Facility in Cañon City. The Court reviewed the documents pursuant to D.C.COLO.LCivR 8.2 and, in an order filed on November 6, 2007, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action.

In the November 6, 2007, order, Magistrate Judge Boland also directed Mr. Tuller to show cause within thirty days why he should not be denied leave to proceed *in*

*forma pauperis* pursuant to 28 U.S.C. § 1915(g) (2006) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, and because he failed to establish that he is under imminent danger of serious physical injury. On November 19, 2007, Magistrate Judge Boland granted Mr. Tuller a thirty-day extension of time in which to show cause as directed.

On December 17, 2007, Mr. Tuller submitted his response to the order to show cause and submitted an amended complaint. The Court must construe liberally the response to the show-cause order and the amended complaint because Mr. Tuller is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. The caption to this order has been corrected to reflect the Defendants named in the amended complaint. For the reasons stated below, Mr. Tuller will be denied leave to proceed pursuant to 28 U.S.C. § 1915, and the amended complaint will be dismissed.

As previously stated, Mr. Tuller seeks leave to proceed without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915. In relevant part, this statute provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

2

> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). For the purposes of this analysis, the Court may consider actions or appeals dismissed prior to the enactment of 28 U.S.C. § 1915(g). ***Green v. Nottingham***, 90 F.3d 415, 420 (10th Cir. 1996).

Although Mr. Tuller alleges that he is under imminent danger of serious physical injury, he does not support this allegation with facts. Mr. Tuller's disagreement with his conviction as a sex offender and the requirement that he receive sex-offender treatment prior to release does not mean that he is under imminent danger of serious physical injury.

A review of this Court's records reveals that, while he was a prisoner, Mr. Tuller has, on three or more prior occasions, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See **Tuller v. Neal***, No. 95-cv-02396-DBS (D. Colo. Jan. 4, 1996) (dismissed as legally frivolous), ***aff'd***, No. 96-1049 (10th Cir. Dec. 19, 1996) (appeal dismissed as legally frivolous), ***cert. denied***, 520 U.S. 1232 (1997); *see also **Tuller v. Neal***, No. 96-cv-00678-DBS (D. Colo. Apr. 5, 1996) (dismissed as legally frivolous), ***appeal dismissed***, No. 96-1163 (10th Cir. Jan. 16, 1997); and ***Tuller v. Lawrence***, No. 02-cv-02414-ZLW (D. Colo. Feb. 25, 2003) (dismissed as legally frivolous). Therefore, Mr. Tuller has failed to show cause as directed why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g). Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without

prejudice for the failure of Plaintiff, Steven Michael Tuller, to show cause as directed why he should not be denied leave to proceed pursuant to 28 U.S.C. § 1915(g): (1) because he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted; and (2) because he fails to establish that he is under imminent danger of serious physical injury.

DATED at Denver, Colorado, this 4 day of January, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02328-BNB

Steven Michael Tuller
Prisoner No. 76479
Centennial Corr. Facility
PO Box 600
Cañon City, CO 81215- 0600

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/04/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk